UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Patricia A. Kimbleton,

        Plaintiff,

v.

Commissioner of Social Security,

        Defendant.

Case No. 2:10–cv–559

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff Patricia A. Kimbleton filed this action on June 16, 2010, seeking review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income. On February 1, 2011, the Magistrate Judge issued a Report and Recommendation recommending that this matter be remanded to the administrative law judge for further proceedings. This matter is now before the Court pursuant to the Commissioner's objections to the Report and Recommendation.

**ALJ's Decision and Review**. The administrative law judge found that Plaintiff had the severe impairments of cervical degenerative disc disease, degenerative joint disease, depression, anxiety, and borderline intellectual functioning. He found, however, that she retained the ability to perform light work. The ALJ specifically found that Plaintiff was not mildly mentally retarded sufficient to meet or equal the requirements of Listing 12.05C, and that she could perform the exertional demands of light work, including the ability to frequently use her hands. He rejected the functional capacity opinion of her treating physician, Dr. Kistler, and did not address the results of

an examination conducted by Dr. Robert C. Woskobnick. The Magistrate Judge found that the ALJ did not set forth a specific basis for finding that Kimbleton did not meet or equal Listing 12.05C, and that he should have reviewed and addressed Dr. Woskobnick's report, and recommended remand on that basis.

**Dr. Woskobnick**. Plaintiff's application for supplemental security income stated that she had become disabled in August 2005. As the Magistrate Judge noted, Dr. Woskobnick, acting at the request of a state disability determination agency, conducted an examination of Plaintiff on June 28, 2004. He found decreased functional capacity in her extremities, and diagnosed her with several disorders, including likely degenerative joint disease or disc disease. In assessing Plaintiff's ability to perform work-related activities, he opined that Plaintiff could stand only for half an hour at a time. (R. 149.) At Plaintiff's hearing before the ALJ, her counsel attempted to address this limitation with the testifying vocational expert. The ALJ stated that counsel should drop the matter, as "it's before her [alleged onset date] anyway . . . I don't see where it helps us anyway." (R. 357.) He made no reference to Dr. Woskobnick in his decision.

The Magistrate Judge found that it was error for the ALJ to fail to address this medical source opinion:

> It is not clear, however, why a June 28, 2004 consultative examination which might support the proposition that a claimant was disabled due to degenerative joint disease *earlier* than her alleged onset of August 15, 2005 would not be medical evidence of record which an ALJ should consider. As findings such as whether Kimbleton can only stand for half an hour at a time affect an ALJ's physical residual capacity determination, this is not harmless error; as the ALJ was required to address the whole record and explain why he rejected or adopted Dr. Woskobnick's report, it was reversible error.

(ECF No. 14 at 20) (emphasis in original.)

Upon objection, the Commissioner argues that the ALJ was not required to even discuss Dr. Woskobnick's report, because it relates to Plaintiff's condition more than one year before she was eligible for SSI benefits. He cites to *Heston v. Comm'r of Social Security*, 245 F.3d 528, 535 (6th Cir. 2001) for the proposition that an ALJ does not err in failing to mention a medical source opinion which is based upon a claimant's condition before the alleged onset date.

In *Heston*, a claimant alleged that she had become disabled on November 17, 1992. Her treating physician had last examined her in February of 1992. The ALJ failed to discuss this physician's report in his opinion, and the claimant argued that this was reversible error. Upon appeal, the Sixth Circuit Court of Appeals found:

> More important, Dr. Haun's report was based on a summary of Heston's medical history, as his last examination of Heston was in February of 1992. Heston's medical status for disability in this case is between November 17, 1992, and June 30, 1994. Although medical history is relevant to a claimant's condition, Heston's medical history should not be given more weight than that of a doctor observing plaintiff during the relevant period of disability. As the record demonstrates, and the ALJ observed, Dr. Colby examined Heston during the relevant period, and concluded that Heston was not suffering from any serious impairment.

*Id.* at 536. The appellate court found further that the ALJ had presented the testifying vocational expert with a hypothetical scenario which encompassed the treating physician's capacity opinions anyway. It concluded: "A review of Dr. Haun's report does not mandate a reversal of the ALJ's determination that Heston was not disabled. Although the ALJ should have included a reference to the report in its findings, the failure to do so, in this case, was harmless error." *Id.*

The Magistrate Judge's Report and Recommendation was in accordance with *Heston*. The ALJ here should have addressed Woskobnick's report, even if he

discounted it due to its having been issued a year before Plaintiff's alleged onset date. While ignoring a medical source in *Heston* was harmless error "in this case," it was not in the claim at bar. Plaintiff aptly notes that the condition she alleged was a degenerative condition, and "[b]y its very nature, a degenerative disease does not ordinarily improve." (ECF No. 16-1 at 2.) While the ALJ could have taken into account the lapse of time in deciding how much weight to give it, Dr. Woskobnick's opinion a year ahead of her alleged date of onset that Plaintiff had already begun to suffer degenerative joint or disc disease which impaired her physical capabilities was a medical source opinion which the ALJ should have examined and addressed in his opinion. The Commissioner's objection is therefore not well taken.

**Mental retardation**. Listing 12.05 addresses mental retardation, which it defines as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." The listing's "required level of severity" is met in different ways, including subsection C, which requires three elements: (1) valid IQ of 60 through 70; (2) a physical or mental impairment which imposes an additional and significant work-related limitation of function; and (3) deficits in adaptive functioning which initially manifested during the developmental period. With respect to this listing, the ALJ found:

> Finally, the "paragraph C" criteria of listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. Although the claimant achieved a full scale IQ of 70 on testing with the Wechler Adult Intelligence Scale – Third Edition (WAIS-III); after clinical interview, the consultative evaluator had assessed the claimant with average intelligence. Further, the

> record fails to establish that the claimant experienced significantly subaverage general intellectual functioning which initially manifested during the developmental period.

(R. 18.)

In his Report and Recommendation, the Magistrate Judge determined that the ALJ had failed to set forth a specific basis for finding that Plaintiff did not meet or medically equal Listing 12.05C. He found specifically that it was error for the ALJ to, as he apparently did, discount Plaintiff's full scale IQ score of 70 based on the comments of the consultative examiner, Dr. Donaldson, that Plaintiff appeared to be of average intelligence. In his objections, the Commissioner asserts that the record contains substantial evidence to support a finding that Plaintiff did not suffer deficits of adaptive functioning sufficient to satisfy Listing 12.05C.

If the ALJ discounted the tested IQ score of 70 simply because "after clinical interview, the consultative evaluator had assessed the claimant with average intelligence," he was in error. Plaintiff cites *Williams v. Astrue*, 692 F.Supp.2d 1331, 1338 (N.D. Fla. 2010), in which another district court found mental health professionals' estimates of a claimant's intelligence "meaningless in light of her test score." Dr. Donaldson's informal impression that Plaintiff seemed upon initial interview to be of average intelligence did not itself obviate, and could not trump, the findings of the systematic intelligence tests he administered, especially where Donaldson actually concluded that her intelligence fell within the borderline range. The ALJ expressed no basis for concluding that Donaldson's objective findings were questionable, and Donaldson did not question his test results.

Furthermore, as the Magistrate Judge found, the ALJ's rationale other than Plaintiff's allegedly "average" intelligence was imprecise and conclusory. He stated simply that the record "fails to establish" significantly subaverage general intellectual functioning which initially manifested during the developmental period. However, his opinion specifically addressed only Plaintiff's limitations with respect to other listings, which contained formally itemized functions not directly applicable to Listing 12.05C.

**Conclusions**. For the reasons set forth above, the Report and Recommendation of the Magistrate Judge (Doc. 14) is **ADOPTED**. It is hereby **ORDERED** that this matter be **REMANDED** to the administrative law judge for further proceedings. The administrative law judge should, in making further findings, review and address the examination report of Dr. Robert C. Woskobnick, as well as his specific basis for finding that Plaintiff does not meet or medically equal Listing 12.05C.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**